**Samuel Quinonez VELIZ, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70464.

Agency No. A72–109–847.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 8, 2003.*

Decided Dec. 18, 2003.

---

respondent. The clerk shall amend the docket to reflect the above caption.

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

858

Charles E. Nichol, Esq., Law Office of Charles E. Nichol, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Alison R. Drucker, Esq., Douglas E. Ginsburg, John M. McAdams, Jr., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Donald E. Keener, Esq., U.S. Department of Justice Office of Immigration Litigation, Washington, DC, for Respondent.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

## MEMORANDUM **

Samuel Quinonez Veliz, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition for review. *See Lata v. INS,* 204 F.3d 1241, 1244 (9th Cir.2000) ("[T]he IJ's de-

termination that an alien is not eligible for asylum must be upheld if supported by reasonable, substantial, and probative evidence in the record.").

Substantial evidence supports the IJ's conclusion that Quinonez Veliz was not persecuted on account of a protected ground. A reasonable factfinder could conclude that petitioner was not targeted by the guerrillas because of an imputed political opinion. Quinonez Veliz himself testified that the guerrillas "were always trying to get the young students to join them," an indication that he was not singled out for political reasons. *See Sangha v. INS,* 103 F.3d 1482, 1489 (9th Cir.1997) (considering "the political views the persecutor rightly or in error attributes to his victims").

Quinonez Veliz has also not established a well-founded fear of future persecution. The IJ's finding that Quinonez Veliz is able to live safely in Guatemala City is supported by substantial evidence. Quinonez Veliz relocated and lived undisturbed in Guatemala City for at least a year, possibly two and a half years, even before the improved country conditions described in the record. *See Melkonian v. Ashcroft,* 320 F.3d 1061, 1069–70 (9th Cir.2003) (holding it proper to "deny eligibility for asylum ... where the evidence establishes that internal relocation is a reasonable option under all of the circumstances").

By failing to qualify for asylum, Quinonez Veliz necessarily fails to satisfy the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

PETITION FOR REVIEW DENIED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.